**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20971
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO OSCAR CRUZ-RESENDIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-62-1
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Domingo Oscar Cruz-Resendiz ("Cruz-Resendiz") appeals his conviction and 30-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. Finding no error, we affirm the district court's judgment.

Cruz-Resendiz contends that his prior state felony conviction for possession of a controlled substance is not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1101(a)(43)(B). He concedes that his argument is foreclosed by this court's decision in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002) (holding that possession of a controlled substance is an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2 (2001)), and raises the issue only to preserve it for possible Supreme Court review.

Cruz-Resendiz also argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in the light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Cruz-Resendiz's argument is foreclosed. The judgment of the district court is AFFIRMED.

2